# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3032 | **DATE** | 11/19/2004 |
| **CASE TITLE** | Phyllis Harris vs. The Picture People | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered, Defendant's Bill of Taxable Costs is hereby granted in its entirety, as outlined in the attached Order. AK

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 11/19/2004 | |
| | Copy to judge/magistrate judge. | 2004 NOV 19 PM 1:46 | date mailed notice | |
| FT/ pecy | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHYLLIS L. HARRIS,           )
                             )
        Plaintiff,           )
                             )
   v.                        )   Case No. 03 C 3032
                             )
THE PICTURE PEOPLE,          )   Magistrate Judge Arlander Keys
                             )
        Defendant.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff Phyllis Harris sued her former employer, the Picture People (the "Company"), alleging violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (West 2004). On August 18, 2004, this Court granted Defendant's Motion for Summary Judgment, finding that Plaintiff's suit was not timely filed. Defendant subsequently submitted its Bill for Taxable Costs, pursuant to Federal Rule of Civil Procedure 54(d)(1). For the reasons set forth below, the Court grants Defendant its costs.

### Discussion

Plaintiff argues that the Court must deny Defendant's Bill for Costs, because: 1) it was not filed within 14 days of judgment, as required by Fed. R. Civ. P. 54(d)(2); and 2) Defendant failed to show that Plaintiff's case was frivolous or filed in bad faith. In the event that the Court should find that Defendant is, nevertheless, entitled to its costs, Plaintiff

argues that the costs relating to her deposition should not be recoverable, as they were not necessary to the disposition of this case.

First, the Court finds that Defendant's Bill for Costs was timely filed. Although Rule 54(d)(2), and its corresponding 14 day deadline, governs petitions for attorneys' fees, Local Rule 54.1 applies to bills for taxable costs. Local Rule 54.1 permits a prevailing party to file its bill of costs 30 days from the entry of judgment. Therefore, Defendant's Bill of Costs, which was filed 29 days from the entry of judgment[1], was timely filed.

Next, Defendant is not required to demonstrate bad faith to collect its costs. Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). "The prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). This presumption is difficult to overcome, and the Court must award costs unless the losing party establishes a reason to deny costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). In general, a court may deny costs for two reasons:

---

[1] The Court granted Defendant's Motion for Summary Judgment on August 18, 2004, and Defendant filed its Bill of Costs on September 16, 2004.

1) the losing party is unable to pay[2]; and 2) the prevailing party engaged in misconduct. *Id.* Because Plaintiff has asserted neither indigence nor Defendant's bad faith, the Court finds that Defendant is entitled to its taxable costs.

Finally, Plaintiff argues that Defendant should not be permitted to recoup its costs for taking Plaintiff's deposition, because it was not necessary to establish that Plaintiff failed to satisfy the Americans with Disabilities Act's statute of limitations. Defendant correctly notes, however, that the only evidence concerning when Plaintiff received her Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") was obtained during her deposition. The Court agrees that the deposition was taken in good faith, and declines to exclude the costs associated with the deposition.

---

[2] To justify the denial of costs based on inability to pay, a losing party must demonstrate that she is indigent, not merely that she has limited financial resources. *Denson v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1 (N.D. Ill. June 27, 2003)(citations omitted). In addition, the losing party must show both that she is presently unable to pay costs, and that she will likely be unable to pay costs in the future. *Id.* The losing party must establish indigence with specific evidence, such as affidavits or other documentary evidence. *McGill*, 18 F.3d at 459; *Denson*, 2003 WL 21506946, at *1. Absent such evidence, the Court may not deny costs on the basis of indigence. *Wardell v. City of Chicago*, No. 98 C 8002, 2002 WL 31248531, at *2 (N.D. Ill. Oct 4, 2002).

**Conclusion**

For the foregoing reasons, the Court grants Defendant's Bill of Taxable Costs in its entirety. The Court finds that Defendant is entitled to recover from Plaintiff $1,024.87, as follows: (1) $30.00 for fees for service of summons and subpoena; 2) $697.95 for deposition costs; 3) $1.54 for printing fees; and 4) $295.38 for copying fees.

Dated: November 19, 2004     E N T E R:

*/s/ Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge